Burke, J.
This action was brought to recover damages for personal injuries suffered by the plaintiff as a result of the defendant’s alleged negligence in operating his automobile. Plaintiff was struck down by the defendant’s car as she was crossing Hollis Avenue by way of a crosswalk at its intersection with 197th Street in Hollis, Long Island. The crossing was not protected by a police officer or a traffic light.
At the trial, plaintiff’s request to charge the Traffic Regulations of the City of New York, establishing in favor of pedestrians, under the circumstances present here, ‘ ‘ a clear and substantial right of way over any driver ” (Traffic Regulations, § 77, subds. 2, 3) was not granted.
*60 The jury was instructed "to “ apply the same rule to both parties, that negligence is the absence of care which you would expect from the ordinarily careful and prudent person under all of the circumstances. That will be your test” (emphasis added). This instruction ignored the onerous duty imposed on automobile owners by the Traffic Regulations (Cherubino v. Meenan, 253 N. Y. 462).
We think the error was so prejudicial as to require the granting of a new trial.
The refusal to grant the plaintiff’s request and the charge as given deprived the plaintiff of a substantial right accorded by law. “A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced” (Ward v. Clark, 232 N. Y. 195, 198).
As the Traffic Regulations have increased the responsibility of the motorist, a violation of the regulations would constitute some evidence of negligence (see Cherubino v. Meenan, 253 N. Y. 462, supra; Metzger v. Cushman’s Sons, 243 N. Y. 118). Therefore, since the regulations are applicable, the plaintiff was entitled to have the jury instructed as to their provisions (see Carlock v. Westchester Light. Co., 268 N. Y. 345, 349; Newhall v. McCann, 267 N. Y. 394). The failure to so charge is an error too grave to be disregarded.
The judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.
Conway, Ch. J., Desmond, Dye, Fuld and Van Voorhis, JJ., concur with Burke, J.; Froessel, J., dissents and votes to affirm upon the ground that upon the facts as testified to by plaintiff, she was not entitled to the instruction requested. Stepping off a curb when one knows the approach of an automobile is imminent, does not give one the paramount right of way.
Judgment reversed, etc.