DREW, Justice.
This is an appeal from a judgment and sentence of death based upon a verdict finding appellant guilty of the crime of rape without recommendation for mercy.
Appellant, a Negro, was apprehended during the early morning following the crime of which he stands convicted, and the prosecutrix, a 48 year old white woman, was taken from his automobile. She made an immediate and spontaneous accusation of the appellant, in his presence, to the officers making the arrest, and was immediately removed to a hospital where she received medical attention. There is thus no issue as to identity. The only defense was the alleged consent of the victim.
During the evening preceding his arrest the appellant had upon some pretext stopped the car in which prosecutrix was riding upon a public road in Duval County, and engaged in an altercation with her escort in the course of which the latter was knocked unconscious. The prosecu-trix’ testimony was that she then got out of the car and ran away, but was followed and attacked by appellant. She stated that she was repeatedly threatened with a lug wrench and was thereby forced.to accompany appellant in his vehicle and submit to assaults upon her person. Medical testimony indicated some degree of force or violence.
Prosecutrix’ story of events is corroborated by that of her companion and the' arresting officers, and there have been few cases examined by this Court in which the evidence so overwhelmingly sustains the charge. It is sufficient therefore to say, in respect to appellant’s contentions on this point, that the credibility of witnesses was solely for the jury to consider, and its verdict settled such issues.
A subsidiary argument on appeal relates to some supposed interest or prejudice on the part of the corroborating witness (the escort of prosecutrix) shown by efforts to obtain prosecutrix’ help in securing employment, and by the circumstances that he was complainant in a pending charge against appellant for assault with intent to murder growing out of the assault related above. Even assuming such facts, which we do not find to be supported by the record, any “interest” arising therefrom could go only to the credibility of the witness and not to his disqualification as urged by appellant. Le Blanc v. Yawn, 99 Fla. 328, 126 So. 789; Munroe v. Carroll, 80 Fla. 206, 86 So. 193. Moreover, no objection was made in this respect at trial or by motion for new trial, and testimony exclusive of this witness amply sustains the judgment. Driggers v. State, 38 Fla. 7, 20 So. 758; Reyes v. State, 49 Fla. 17, 38 So. 257.
We have considered the suggestion made at oral argument, although not assigned as error, that the provision for sentence upon jury verdict omitting recommendation for mercy constitutes an invasion of the judicial province. On this point see, adverse to appellant’s contention, the case of Copeland v. State, Fla., 76 So.2d 137. Sec. 794.01, F.S., as amended Chapter 24285, Laws of 1947, F.S.A.
The record in this case has been examined in the light of briefs filed and oral *866 arguments, and pursuant to subparagraph (2) of Section 924.32, Florida Statutes, F.S.A., the evidence has been reviewed to determine if the interests of justice require a new trial, with the result that we find no reversible error is made to appear.
Affirmed.
TERRELL, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.