PEARSON, Judge.
Marcia Zadan, a minor, by her father, Henry Zadan, and Henry Zadan, individually, sued Albert Cohen for injuries sustained by the child when she was struck by a car owned and operated by the defendant. The jury found for the defendant; final judgment was entered and the plaintiffs appeal. Appellants have presented only one point based upon one assignment of error. The assignment is as follows:
“The court erred in charging the jury that:
“ ‘It was the duty of the plaintiff, Marcia Zadan, before entering the lanes of Northwest 183rd Street, in which eastbound traffic would travel, to look to her left or west for the purpose of ascertaining whether any vehicle was approaching from her left, and ascertain whether it was safe for her to proceed across the street or proceed into any lane in which a vehicle was traveling east. If you find from a preponderance of the evidence that Marcia Zadan failed to do this and that such conduct on her part proximately contributed to any injury she may have suffered, your verdict should be for the defendant.’ ”
We hold that the giving of the questioned instruction was error and reverse for a new trial.
There was evidence that the plaintiff was in a marked crosswalk and was in the middle of the street when hit. The child lived a block or so from the intersection and was on her way home. She testified she was not running, but moving at a fast walk, and that she came to a stop and looked in both directions before attempting to cross the street from south to north, *467 because slie knew that the street she was about to cross was heavily traveled at that time of day. There was also testimony that the child was running when she was hit and that she was crossing outside the crosswalk.
The erroneous instruction informed the jury that if the child failed to ascertain that it was safe for her to proceed into each lane in which a vehicle was traveling east, her conduct would constitute contributory negligence as a matter of law. Since the occurrence of the accident itself demonstrated that it was not "safe” for the child to proceed into the street or into the lane in which she was hit, the charge amounted to a directed verdict under the facts of this case.
The question then is, was a directed verdict proper under the circumstances of this case, where it was admitted by the plaintiff that she did not look at each individual lane and did not determine that it was safe to proceed. The trial judge admitted into evidence, as relevant to this accident, an ordinance of Metropolitan Dade County, which provided that a pedestrian has the right of way in a marked crosswalk. See Reese v. Buhle, 16 Ill.App.2d 13, 147 N.E.2d 431; Pryor’s Adm’r v. Otter, 268 Ky. 602, 105 S.W.2d 564; Taggart v. Vogel, 3 N.Y.2d 58, 163 N.Y.S.2d 674, 143 N.E.2d 390. We do not imply that a pedestrian, with a right of way established by an ordinance, is excused from the exercise of ordinary care in the light of all the circumstances. The right of way given the pedestrian is thus relative and not absolute or inflexible. Even where a crosswalk is not involved the law of Florida gives a pedestrian and a motorist equal right in the street, and each must maintain a lookout to avoid an accident. E. g., King v. Griner, Fla.1952, 60 So.2d 177; Edwards v. Donaldson, Fla.App.1958, 103 So.2d 256. There was, therefore, evidence at the trial from which the jury could have lawfully drawn conclusions of fact in favor of the appellants sufficient to establish a case, and the charge which amounted to a directed verdict for the appellee was error. Hartnett v. Fowler, Fla.1957, 94 So.2d 724.
We do not find it necessary to discuss the argument of the appellants that the contributory negligence of an 11-year old child is to be judged by a different standard from that of an adult, because we conclude that the erroneous portion of the charge would have been error had it concerned an adult. We have examined the entire charge to the jury and have determined that the erroneous charge was prejudicial error. Therefore the judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
HORTON, C. J., and CARROLL, CHAS., J., concur.