HENDRY, Chief Judge.
This is an appeal of a judgment of the Circuit Court of Dade County, Florida, entered on a verdict for the plaintiff, in an action to recover damages for personal injuries.
Plaintiff, Jeanette Lerich, was attempting to cross North West Seventh Street where it intersects Thirty-eighth Court forming a “T” type intersection and at which point Seventh Street has five lanes. It was during the daylight at about six o’clock P.M. on March 23, 1964, the weather was clear and the visibility was good. The evidence tended to show that she was leaving the Central Shopping Plaza where she was employed and needed to cross Seventh Street to reach a regularly designated bus stop on the South West corner of the intersection. Plaintiff approached the intersection at a fast pace or “trot”, paused at the curb and looked to her left to see if there were any cars. Seeing none, she continued at the same pace across Seventh Street from North to South toward the South West corner of the intersection in an area that is neither marked as a cross walk nor controlled by a traffic control signal. She had crossed the first westbound lane and had taken four or five steps into the second westbound lane when she was hit by a car. Plaintiff testified that she never saw the car which struck her. It was ascertained from the evidence that the plaintiff was hit by the right front of the automobile driven by the defendant, Lillian C. Sou-vorin.
Defendant testified that she entered North West Seventh Street from a driveway of the Central Shopping Plaza at about a half block from the scene of the accident. She turned right into the first westbound lane and moved into the second westbound lane as she intended to turn left at North West Thirty-ninth Avenue, one block past Thirty-eighth Court. She accelerated to a speed between 30-40 miles per hour in a 40 mile per hour zone. Defendant testified that she did not see plaintiff until the moment of the impact. She did not have time to blow her horn but applied her brakes immediately. Three of the tires of the vehicle laid down 36 feet of skid marks; the right rear wheel laid down 45 feet.
An eye witness, Grover H. Davis, driving in the same direction behind defendant, testified that he saw the plaintiff step off the curb when he was about 200 feet from her. At this time, the defendant’s car was approximately 100 feet ahead of him and appeared to be traveling at the same rate of speed which was close to 40 miles per hour.
There is evidence that immediately prior to the accident the plaintiff was waving to acknowledge a car in an eastbound lane which had stopped to allow her to pass; to some witnesses it appeared that she was waving to a bus approaching in another eastbound lane.
During the trial, the Metropolitan Dade County Code Sec. 30-135 (a) was admitted into evidence over defendant’s objection. The section reads as follows:
“Where traffic-control signals are not in place or in operation, the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing *182 the roadway within any marked cross walk or within any unmarked cross walk at an intersection, except as otherwise provided in this article.” (Emphasis supplied.)
The defendant urges that it was reversible error to admit this ordinance requiring motorists to yield the right-of-way to pedestrians in unmarked cross walks because there can be no unmarked cross walk at a "T” type intersection. The defendant relies on a decision of a sister jurisdiction wherein it was held reversible error to give in charge to the jury the provisions of a code similar to the one in point.[1] The definition of a cross walk in that jurisdiction is identical to that in the Metropolitan Dade County Code. That court said:
“This definition implies that an unmarked cross walk can exist only if a street’s sidewalk is intersected and continues on after such intersection. Otherwise there can be no ‘connections of the lateral lines of the sidewalk on opposite sides of the highway’, as is the case when there is only a ‘T’, or variat-ed ‘T’ type intersection as here involved. Where there is this type intersection, the sidewalk terminates at such intersection, and no cross walk exists unless it is marked as such.” [2]
The court went on to find that the charge improperly authorized the jury to conclude that the plaintiff had the right-of-way as a pedestrian crossing the street within the statutory cross walk.
 Although the factual circumstances are similar, the present case is distinguishable in that the ordinance was admitted into evidence not given as a charge to the jury. We find from an examination of the charge on the subject given by the court to the jury that if there was any error in admitting in evidence the ordinance it was subsequently rendered harmless.[3] The jury was told that the right of pedestrians and motorists in a public street are equal and reciprocal. The court further left it to the jury to determine if any ordinance or ordinances (ordinances other than the one under discussion were admitted into evidence) were violated and charged them that the mere fact that there has been a violation does not in itself establish negligence unless such violation was the proximate cause of the alleged injuries. Thus charged, the-jury returned a verdict for the plaintiff and": we find sufficient evidence independent of' the questioned ordinance to support this. finding.[4]
The defendant also presents for deter--mination in this appeal whether the trial ■ court erred in charging the jury on the last clear chance doctrine and in denying defendant’s requested instruction on the sudden emergency doctrine.
 The required essentials for applicability of the doctrine of last clear chance are well established and need not be repeated here. This court has said that where findings of fact compatible with the doctrine of last clear chance are within the range of those permissible to be made by the jury on the evidence, the court’s charge should explain the doctrine and authorize its consideration and application by the jury dependent upon their findings establishing applicability.[5] The facts in this case bear a marked similarity to those in James v. Keene,[6] wherein the Supreme Court concluded that the jury should have been instructed on the doctrine of the last clear chance. We therefore hold that the court did not err in charging the jury on the doctrine.
*183 The evidence did not show that the factual requirements necessary to support .an instruction on the sudden emergency doctrine were present,[7] and we find no error in denying defendant’s requested instruction on this doctrine.
Accordingly the judgment is affirmed.
Affirmed.

. Griffin v. Odum, 108 Ga.App. 572, 133 S.E.2d 910 (1963).

. id.

. Klem’s, Inc. v. Cline, Fla.1958, 105 So. 2d 881.

. McClellan v. Wood, 78 Ha. 407, 83 So. 295 (1919).

. Radtke v. Loud, Fla.App.1957, 98 So.2d 891.

. Fla.1961, 133 So.2d 297.

. Dupree v. Pitts, Fla.App. 1964, 159 So.2d 904.