SHANNON, Judge.
This is an appeal from an order granting a new trial to the plaintiff below in a personal injury action.
On December 22, 1962, the automobile in which plaintiff was riding as a passenger crashed into the rear of a pickup truck owned and operated by the defendant. Plaintiff sued the defendant as a result thereof and the defendant denied any neg-ligénce and pleaded that the negligence of plaintiff’s driver (her husband) was the sole and proximate cause of the injury. The jury returned a verdict in favor of the defendant and against the plaintiff. Pursuant to the plaintiff’s motion the lower court granted a new trial on the ground that it had committed prejudicial error by giving defendant’s instruction numbered 2.
The instruction, concerning which the court granted a new trial is as follows:
“I charge you that on the date of the accident involved in this cause there was in full force and effect the following Statutes of the State of Florida:
“ ‘317.33 Following too closely.
“‘(1) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the condition of, the highway.
“‘317.22 Speed.
“ ‘(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.’
* * * * *
“If you find from the evidence in this case that the defendant violated any of these laws, then such conduct on his part would be evidence of negligence, and if you find that such conduct amounted to negligence, and that such negligence was a proximate cause of the accident, then your verdict should be for the plaintiff. Likewise it would apply to those provisions of the statute that applied to the plaintiff’s vehicle.”
*845 On December 22, 1962, at approximately 5:25 A.M. the plaintiff was riding as a passenger in an automobile operated by Charles A. Sligh in a northerly direction on U. S. 19. The defendant, J. C. Demmy, was operating his vehicle in a northerly direction on the same road. The plaintiff alleges that J. C. Demmy so carelessly and negligently operated his automobile that as a proximate result of the negligence as aforesaid the plaintiff was permanently and painfully injured. To the complaint the defendant filed the usual pleas. The jury verdict was for the defendant, J. C. Demmy.
The issue of whether the rear end collision was the proximate result of the alleged negligence of the defendant or of the alleged sole negligence of the driver of the trailing automobile in which plaintiff was riding was thus raised by the pleadings and the evidence. Plaintiff contends that the defendant’s truck was not properly lighted and this coupled with the defendant’s slow speed was the cause of the accident. Defendant presented strong evidence that his tail lights were working and that the truck was equipped with reflectors. The defendant, following two slow moving vehicles, was unable to pass because of approaching traffic. It was the defendant’s position that the driver of the vehicle in which the plaintiff was a passenger was following too closely and was traveling too fast to stop in time to avoid the collision.
This case was decided upon issues of fact which would support the instruction given. Because the evidence was conflicting as to whether defendant’s truck was installed with tail lights and reflectors, a question of fact was raised that was properly submitted to the jury. Starks v. Sawyer, 1908, 56 Fla. 596, 47 So. 513. The defendant suggests that two different inferences could be drawn from the evidence. The jury could have reasonably determined that defendant’s truck was installed with adequate tail lights and reflectors in good working order, and based upon these findings the jury could properly determine that plaintiff’s deceased husband was either traveling at excessive speed or following too closely to defendant’s truck to prevent the collision, and that was the sole cause of the accident. On the other hand, the jury could have determined that the tail lights on defendant’s truck were not in working order and that the plaintiff’s husband was suddenly confronted by the defendant’s truck. The defendant contends that the evidence supported the charge and that in granting the new trial the trial court erroneously substituted its own evaluation of the testimony for that of the jury.
The appellee contends that the subject charge implied that the husband-driver’s negligence, if any, is imputed to the plaintiff if the jury found the husband-driver violated one of the quoted statutes and found that such violation was negligence and a proximate cause of the accident. We do not agree. In Florida, as in many other jurisdictions, the husband’s negligence cannot be imputed to the wife unless there is evidence during the trial from which a jury could reasonably find that a joint enterprise or agency relationship existed between the husband and wife. Other charges of the trial court instructed the jury that the husband’s negligence, if any, could not be imputed to the plaintiff wife.
The doctrine of harmless error (if any error there be) was involved in the case of Souvorin v. Lerich, Fla.App. 1965, 180 So.2d 180. That case and Staicer v. Hall, Fla.App.1961, 130 So.2d 113, and Miller v. Griffin, Fla.App.1963, 154 So.2d 333, clearly hold that a verdict shall not be reversed unless it is made to appear that the error complained of has resulted in a “miscarriage of justice.” In the instant case the jury’s verdict was clearly supported by the evidence.
The instruction given because the evidence was conflicting was based on a question of fact properly raised and properly submitted to the jury.
*846 ' Since we find no error on the part of the trial judge in the instructions given, we conclude he erred in granting a new trial to the plaintiff-appellee.
Reversed.
ALLEN, C. J., and FUSSELL, CARROLL W., Associate Judge, concur.