232 So.2d 195 (1970)
William E. SMITH, Appellant,
v.
MONTGOMERY WARD & CO., Incorporated, an Illinois Corporation, Appellee.
No. 69-160.
District Court of Appeal of Florida, Fourth District.
February 18, 1970.
Rehearing Denied March 23, 1970.
*196 Jackson O. Brownlee, Titusville, for appellant.
Hale Baugh of Driscoll & Baugh, Cocoa, for appellee.
CROSS, Chief Judge.
Plaintiff-appellant, William E. Smith, appeals from a final judgment entered pursuant to a jury verdict in favor of the defendant, Montgomery Ward & Co., Incorporated, in a cause of action in negligence *197 for injuries sustained by the plaintiff when a fence display in defendant's store fell and knocked the plaintiff to the floor. We reverse.
On October 23, 1967, at approximately 2 o'clock in the afternoon, the plaintiff, William E. Smith, and his wife entered the garden shop of the defendant, Montgomery Ward & Co., Incorporated, in Melbourne, Florida. The plaintiff was in the garden shop for the purpose of looking at shrubs displayed by the defendant, apparently with the intent of purchasing those shrubs to which he took a fancy. The defendant had a chain link fence on display in one of the aisles of the garden shop. The chain link fence had upright pipes on each end and a pipe running across the top. The fence was standing parallel to where the plants were on wooden platforms for display to prospective customers. As the plaintiff was walking through the aisle where the plants were on display, he turned a corner and his arm brushed the fence. The fence fell over on top of the plants, the bottom of the fence hitting the plaintiff's leg and knocking him down on top of the fence.
The plaintiff thereafter filed suit against the defendant, alleging that he was an invitee of the defendant and that the defendant had breached its duty of care to the plaintiff and that as a result the plaintiff sustained injuries.
The defendant filed its answer and affirmative defense wherein it admitted that it operated a retail store at the time and place alleged in the complaint. However, the defendant denied the remainder of the allegations and set forth the affirmative defense of contributory negligence on the part of the plaintiff. The cause was set for pretrial conference, and the defendant's pretrial statement again admitted that defendant operated a retail store at the time and place in question.
At the conference on jury instructions the plaintiff requested of the court to instruct the jury that as a matter of law the plaintiff was an invitee, and because of this status, also instruct as to the duty required of the defendant. The court refused to instruct the jury that the plaintiff was an invitee as a matter of law. The court merely instructed the jury in accordance with Florida's Standard Jury Instruction 3.2, which left for the jury's determination whether the plaintiff's status was in fact that of an invitee.
Laboring under such instructions, the jury returned a verdict for the defendant. Plaintiff thereafter moved for a new trial on the grounds that the court erred in refusing plaintiff's requested instruction, thus permitting the question as to whether or not the plaintiff was an invitee to be decided by the jury rather than by the court as a matter of law. The court denied plaintiff's motion for a new trial. Final judgment was entered for the defendant. It is from this final judgment that the plaintiff now appeals.
Initially we are cognizant of the fact that we are confronted with the discretion of the trial court in denying the plaintiff a new trial. However, such discretion is drastically reduced when a trial court is confronted with a question strictly of law. Gatlin v. Jacobs Construction Co., Fla.App. 1969, 218 So.2d 188 (cert. den. Fla. 1969, 225 So.2d 529).
The duty owed to one who has attained the status of invitee is briefly as follows. An owner or occupant of lands or buildings who directly or impliedly invites others to enter for some purpose of interest or advantage to him owes to such persons a duty to use ordinary care to have his premises in a reasonably safe condition, Elmore v. Sones, Fla.App. 1962, 140 So.2d 59; Matson v. Tip Top Grocery Co., 1942, 151 Fla. 247, 9 So.2d 366, for use in a manner consistent with the purpose of invitation or at least not to lead them to an unreasonable risk but to give them the adequate and timely notice in warning of latent or concealed perils which are known to him but not to them. *198 Bashaw v. Dyke, Fla.App. 1960, 122 So.2d 507; Bowles v. Elkes Pontiac Company, Fla. 1952, 63 So.2d 769; 38 Am.Jur., Negligence § 96.
Having stated the duty owed to the invitee, the necessity of determining by what test one attains the invitee status appears obvious. Both the language and concept of invitee have caused considerable difficulty in the explication and application of the law. There are two tests currently in vogue. One test is called the "economic benefit" test and the other the "invitation" test.
The economic benefit test proceeds on the assumption that affirmative obligations are imposed on people only in return for some consideration or benefit. Any obligation to discover latent dangerous conditions of the premises is regarded as an affirmative one, and the consideration for imposing it is sought in the economic advantage, actual or potential, of the plaintiff's visit to the occupier's own interest. It is not the fact of invitation nor of the knowledge of the probability of the customer's presence which this implies which raises the duty, but the purpose of the visit and the occupier's interest therein. The economic benefit theory was adopted by the Restatement Torts § 332 (1934). Using the term "business visitor" rather than "invitee," the Restatement defines a "business visitor" as "a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with the business dealings between them." In the Restatement of Torts 2d, however, this definition is being broadened to include any person "who is invited to enter or remain on the land as a member of the public for a purpose for which the land is held open to the public."
The invitation test does not deny that "invitation" may be based on economic benefit, but it does not regard that as essential. Rather the invitation test bases "invitation" on the fact that the occupier by his arrangement of the premises or other conduct has led the entrant to believe that the premises were intended to be used by visitors for the purpose which this entrant was pursuing, and that such use was not only acquiesced in by the owner or possessor, but that it was in accordance with the intention and design with which the way or place was adopted or prepared.
Although superficially the more restricted economic benefit test seems plausible and satisfactory, it is ill-founded for several reasons. For one thing, making the purpose of the visit determinative of the plaintiff's status enables him to clothe himself with an invitee's garments merely by proper allegations in his pleadings. Thus the plaintiff who might be passing a large department store finds he must use the restroom facilities. After entering the department store and making use of the facilities, he falls on a defective step as he is leaving. Let us assume that in fact the plaintiff had no idea whatsoever of transacting any business when he entered the store. Merely by alleging in his complaint that he had entered to make an inquiry about the price of an item, he becomes an invitee. Most will agree, however, that by holding itself open to the public, as the department store does, it should recompense an injured party when the department store by negligence caused the injury. Yet in the factual situation just posed, absent an untrue allegation, the plaintiff would be left without a remedy under the economic benefit test.
There are too many instances where the economic benefit theory has been strained to the breaking point. Yet the courts have determined to be invitees a friend or child accompanying a customer into his store, Hecht Co. v. Jacobsen, 1950, 86 U.S.App. D.C. 81, 180 F.2d 13; or a person who goes with another to a railroad station to see him off, Atchison, T. & S.F. Ry. Co. v. Cogswell, 1909, 23 Okla. 181, 99 P. 923, 20 L.R.A.,N.S., 837. Or the person who goes to a bank to change a five-dollar bill. American Nat. Bank v. Wolfe, 1938, 22 *199 Tenn. App. 642, 125 S.W.2d 193. If benefit is conferred upon the occupier by such visits as these, it is certainly on bases more tenuous than those which often may be found in the case of a social guest whose status has always been considered that of a licensee. Lowery v. Rosenberg, Fla.App. 1962, 147 So.2d 321.
For the obvious reasons alluded to above, we are disposed not to accept the economic benefit theory as the sole test in Florida, since the invitation theory serves well the broad principles of negligence.
In the instant case, the plaintiff and his wife entered a large department store with the express purpose and intent of looking at shrubs and buying those to which they took a fancy. No purchase had been made. Such invitation of a store or shopkeeper is clearly broad enough to include anyone who enters a department store in this frame of mind. It is common knowledge that business concerns invest huge sums of money in newspaper, radio, television and other media of advertising in order to induce regular and prospective customers to frequent their places of business and to examine their stocks of merchandise. They do not contemplate a sale to every invitee. They do hope to interest regular customers and cultivate prospective customers. It is common knowledge that the open door of a business place without special invitation by advertisement or otherwise constitutes an invitation to the public generally to enter. Guests that enter under these conditions are in the status of invitees notwithstanding the fact that they have not made a purchase. Manifestly, nothing herein implies that a trespasser or a mere licensee who enters the premises on a personal errand for his own advancement or his own interest or benefit is entitled to the protection due an invitee.
In the instant case, under the pleadings and the evidence adduced at the trial, the plaintiff attained the status of invitee as a matter of law and was entitled to such a requested jury instruction. The defendant's argument that the trial court's failure to instruct that the plaintiff was a business invitee as a matter of law was harmless error does not impress us. Instruction given by the trial court taken from Florida Standard Jury Instructions 3.2 leaves as an issue for jury determination whether at the time and place of the incident complained of the plaintiff was an invitee on the premises owned or in the possession of the defendant. Laboring under this instruction, the jury is to determine the issue of the claimant's status. (See note on the use of 3.2 Fla. Standard Jury Instructions, page 8). Such is a far cry from the jury being instructed as a matter of law as to the claimant's status and the defendant's specific duty because of the claimant's attaining that status.
For the foregoing reasons, final judgment for the defendant is reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.
McCAIN, J., concurs.
REED, J., dissents, with opinion.
REED, Judge (dissenting):
The majority opinion holds that the failure of the trial judge to give the jury a preemptive instruction as to the plaintiff's status as an invitee on the defendant's premises was harmful error. Only the plaintiff and his wife testified as to the reason for plaintiff's presence on the premises of the defendant. The plaintiff's wife testified that she and her husband had gone to the nursery department of the defendant's store to buy shrubs. The plaintiff testified that he was looking at shrubs in the defendant's garden area at the time the accident occurred. Although the testimony of these two witnesses is unrebutted, it does not establish the plaintiff's *200 status as a matter of law. The plaintiff was an interested witness and his wife, because of her relationship to him, was biased in the sense that she would naturally have a desire for his success. Under these circumstances there was an issue of credibility that fell within the realm of the jury, and the trial judge properly recognized this. Cf. Horne v. State, Fla. 1958, 101 So.2d 864.
Even if it is assumed that the trial court erred in denying the preemptive instruction, this court is not permitted to reverse the verdict of the jury unless the appellant makes it appear that the alleged error resulted in a miscarriage of justice, Section 59.04(1), F.S. 1967, F.S.A.; Demmy v. Sligh, Fla.App. 1966, 189 So.2d 843, 845. To hold that the failure of the trial court to charge the jury that the plaintiff was an invitee as a matter of law resulted in a miscarriage of justice, we must assume that the jury found the plaintiff was not an invitee and denied his claim for that reason. This assumption is unreasonable and unwarranted where as here the plaintiff's evidence with regard to his status as an invitee was so clear that, according to the majority, reasonable men could not differ and the evidence abundantly supported the jury verdict on other bases. The plaintiff's own testimony indicates that while the plaintiff was walking through the defendant's nursery and looking at his cigar, he knocked over a fence that was part of a plant display and then tripped over the fence. Manifestly the plaintiff's own testimony abundantly supports the jury verdict either on the ground that the defendant was not negligent or that the accident was caused by the plaintiff's own contributory negligence in not looking where he was going.
Finally, I am compelled to note my disagreement with the majority's concept of an invitee. The majority opinion holds that an invitee is not only one who is on the premises of another for purposes connected with the business of the owner or occupant, but is also a person who might happen upon the premises because he thinks he intends to make a use of the premises which is consistent with the design and intention of the owner or occupant. An invitee has long been defined as a person who enters upon the premises of another for purposes connected with the business of the owner or occupant. McNulty v. Hurley, Fla. 1957, 97 So.2d 185, 187. See also Standard Jury Instruction 3.2a. The language of the majority conflicts with this simple, well established principle. I doubt that it is within the province of this court, as an intermediate appellate court, to broaden the established law dealing with invitees. But even if it were, the innovative process is totally inappropriate to this case because the only evidence as to the plaintiff's status tended to show that the plaintiff was on the premises of the defendant for purposes connected with the business of the defendant.
I would affirm the judgment appealed from.