Archie C. **CREAMER**, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

*Civ. A. No. 1525.*

United States District Court, N. D. Florida, Tallahassee Division.

May 13, 1970.

Alfred O. Shuler, Apalachicola, Fla., for plaintiff.

Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for defendant.

## JUDGMENT

MIDDLEBROOKS, District Judge.

This is an action instituted under Title 28, United States Code, Section 1346(b), The Federal Tort Claims Act, by plaintiff against The United States of America for injuries sustained as a result of a fall by plaintiff, a patron of the United States Post Office in Apalachicola, Florida.

In his complaint plaintiff charges that his fall was caused by the negligence of agents of the United States in either creating a dangerous condition, allowing a dangerous condition to exist, or failing to warn plaintiff of an existing dangerous condition when agents of the defendant knew or should have known that the dangerous condition existed.

It is further alleged that as a result of the fall plaintiff sustained serious and disabling permanent injury. In its answer, The United States admits that plaintiff was an invitee on the premises but denies negligence and the existence of a dangerous condition. There is no allegation of contributory negligence so that the sole issue is the negligence, if any, of agents or servants of the United States and resulting damages in the event the United States is liable to the plaintiff.

## FINDINGS OF FACT

The plaintiff, Archie C. Creamer, who at the time of the incident giving rise to this litigation was sixty seven years of age, entered the Post Office to transact business. Plaintiff was wearing an artificial right leg as he had lost his leg through amputation above the right ankle following an earlier injury. The fall occurred at or about noon on December 31, 1968. The evidence adduced at the trial established that it had been raining during most of the morning and was raining at the time of the fall. It can be assumed that there was a moderate rain though there is some dispute in the testimony as to the amount of rainfall.

In the process of entering the main lobby of the Post Office it is necessary that a patron enter or pass through three separate sets of doors. There are doors at the front steps of the building, there are doors in an outer vestibule leading into an inner vestibule and there are double doors which are hydraulically controlled leading from the inner vestibule into the main lobby of the Post Office. The record reflects that there are mats on the floor in the outer vestibule and also in the inner vestibule. Plaintiff fell as he was opening the door from the inner vestibule to the main lobby. The evidence discloses that there was a space of from fourteen to sixteen inches between the mat and the hydraulic doors leading into the main lobby.

Another patron of the Post Office held the first two sets of doors open for plaintiff. The patron proceeded through the third set of doors ahead of plaintiff but did not hold this door open for him. Plaintiff, standing on the mat, fell as he was reaching for and opening the door into the main lobby. The door was closing or almost completely closed when plaintiff reached for it.

The evidence as to whether the floor was wet or slippery is in dispute. The evidence is also unclear as to whether plaintiff was standing off the mat when he fell. He makes no claim that any defect in the mat itself caused him to fall. An employee of the Post Office in charge of maintenance testified that three or four minutes before the fall he had checked the floor and it was dry. Other employees of the Post Office who arrived shortly after plaintiff fell testified that the floor was dry and that plaintiff stated in their presence that the floor was not wet. There is no evi-

dence that there was any foreign substance on the floor which caused the floor to become slippery.

## CONCLUSIONS OF LAW

1. The plaintiff, Archie C. Creamer, was an invitee of the United States of America.

2. The United States owed the plaintiff a duty to use ordinary care to make the premises reasonably safe for use by plaintiff and to warn plaintiff of any latent defect or concealed perils which the defendant, its agents or servants had knowledge of or in the exercise of reasonable care should have discovered. Smith v. Montgomery Ward & Co., 232 So.2d 195 (4th D.C.A. 1970).

3. The plaintiff has not proven by a preponderance of the evidence that the floor was wet or slippery or that the defendant, its agents or servants violated any duty to the plaintiff.

It is therefore, ordered and adjudged that plaintiff take nothing by his suit and that judgment be entered in favor of the defendant as to the claim of plaintiff and that the defendant have and recover from the plaintiff its costs expended herein.