DANIEL S. PEARSON, Judge.
In the present case, the defendants urge that a statement from the Florida Driver’s Handbook read to the jurors by an accident reconstruction expert called by the plaintiff was wrongfully admitted in that it misstated the law in Florida.[1] The objectionable statement read:
“The motorist’s responsibility is greater than the pedestrian’s. A motor vehicle with its greater weight and speed and destructiveness may kill or cripple anyone it hits. Sometimes the pedestrian does the thoughtless or foolish thing. In spite of this, if you have the vehicle under control at all times, and you should, you should be able to avoid hitting the person on foot.”
Although the defendants are correct that the statement is inconsistent with the law that provides that the rights of a motorist and pedestrian are equal and reciprocal, see, e.g., Bell v. A.A. Holiday Rent-A-Car, Inc., 304 So.2d 535 (Fla. 3d DCA 1974); Souvorin v. Lerich, 180 So.2d 180 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 314 (Fla.1966); Zadan v. Cohen, 127 So.2d 466 (Fla. 3d DCA), cert. denied, 133 So.2d 322 (Fla.1961), we conclude that the error of its admission could have been cured by an instruction and was therefore waived by the defendants’ failure to request one.[2]
Although the defendants accurately note that this court has held that a misstatement of law relating to the burden of proof is an error that cannot be cured by a corrective jury instruction, see Butler v. MacDougal, 120 So.2d 832 (Fla. 3d DCA), cert. denied, 125 So.2d 873 (Fla.1960) (where statute which placed procedural burden on defendant railroad to go forward with evidence was improperly characterized in plaintiff’s opening argument as raising presumption that defendant was negligent, the error was not cured by later jury instruction correctly stating the burden of proof, since it forced the defendant to present evidence “while burdened by having this albatross of a presumption hung about its neck,” id. at 834), we subsequently held that the error of admitting evidence which misled the jury as to the law applicable to the case but was not related to the burden of proof, was cured by the trial court’s instruction to the jury correctly advising it of the applicable law. See Souvorin v. Lerich, 180 So.2d 180 (erroneous admission into evidence of county ordinance which effectively authorized the jury to conclude that the plaintiff, as a pedestrian, had the right-of-way was cured, inter alia, by court’s instruction informing jury that “the right of pedestrians and motor *470 ists in a public street are [sic] equal and reciprocal,” id. at 182). The rule of Souvo-rin controls the present case.
Affirmed.

. Defendant did not object on hearsay or other grounds. See Sikes v. Seaboard Coast Line Railroad Co., 429 So.2d 1216 (Fla. 1st DCA), rev. denied, 440 So.2d 353 (Fla.1983) (holding Florida Driver’s Handbook hearsay and not within any recognized exception to hearsay rule).

. The trial court did instruct the jury that:
"A1I persons, whether pedestrians or motorists, may use the street, but each has a duty to use reasonable care for his own safety and for the safety of others.”
While it is arguable that this instruction goes far enough to cure any misimpression the jury may have had, if the defendants believed it did not go far enough, it was up to them to say so.