**SEARS, ROEBUCK & CO. v. McCLAIN et al.**

**No. 12184.**

Circuit Court of Appeals, Fifth Circuit.

April 7, 1948.

John H. Wahl, Jr., and Robert H. Anderson, both of Miami, Fla., for appellant.

Walter E. Dence and John M. Murrell, both of Miami, Fla., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellee sustained injuries when she fell down a flight of steps that led up to a door separating the defendant's store, or the place where its goods were displayed and sold, to a roof on the outside designed and intended to be used solely as a place of recreation for the employees of the store. On the wall beside the steps, and in plain view thereof, was a clearly visible sign, reading: "Employees Only On Recreation Roof". Under the door that afforded access from the store to the roof there was a metal door plate, or stop, the purpose of which was to prevent rain from blowing underneath the door into the building.

Appellee had, at a prior time, been employed in the store. At the time of the accident, however, she had come to the store to buy a dress which one of the saleswomen—a friend of appellee—had agreed to lay aside for her. When appellee called and found the saleswoman, Mrs. Cubbage, absent from the place or counter at which she customarily worked, she, without requesting any other employee to wait upon her or to locate Mrs. Cubbage, set out to find her. Suspecting that Mrs. Cubbage was on the recreation roof, appellee ascended the four or five steps to the door of the recreation roof. Standing on the door plate, she looked over the roof for her friend, but failing to see her, turned to re-enter the store. The heel of her shoe in some manner failed to clear the metal door plate, or caught against it, whereupon she lost her balance and fell. The steps had no hand rails.

The Court, in refusing to sustain a motion for a directed verdict, stated to counsel that: "I have tried this case on the legal theory that the plaintiff was not a trespasser at the time on the stairs in search of an employee of the defendant and attempting to locate her and that the stairs, being constructed for the use of employees in their off time constituted a part of the premises that the defendant was so much obligated to maintain in a safe condition and as safe as any other part of the premises."

The Court stated to the jury that: "It does not matter whether the stairway was

for the use of employees only or for the use of the general public."

■ Even if the charge had been accurate and even if the lower Court had been correct in saying that the plaintiff was not a trespasser, he would nevertheless not have been correct had he held her to be an invitee at the time and place of the accident, for she was neither invited to ascend the steps leading to the recreation roof for employees—where she was injured—nor to search for her friend in places restricted to employees only. In so doing she had left the places to which customers were invited and had ascended the steps—which had no purpose except to reach the recreation roof—contrary to the admonition of the plainly legible and adjacently-posted sign stating that the recreation roof was for employees only. Having formerly been an employee, she was familiar with the steps and knew that they led to no place where merchandise was exhibited and sold but only to an area set apart for employees in their leisure moments.[1] Plaintiff, a customer, chose, of her own volition, to exercise the functions of an employee and to invade a part of the premises reserved for employees. She was not invited to do this and in so doing was not an invitee, but at best a mere licensee to whom the defendant owed only a negative duty.[2] Without doubt plaintiff was an invitee to those parts of the store where merchandise was displayed and sold, but there were no goods displayed or sold on the roof, and this the plaintiff well knew. Not only was she not invited to ascend the steps, but she was expressly advised by the sign that the public was not invited to use that portion of the store. Instead of trading with some other saleswoman or instead of requesting some employee of the store to seek her friend, she relied upon her own knowledge, followed her own devices and desires, disregarded the sign, and became a mere licensee to whom the storekeeper owed only the negative duty not to harm her wilfully or wantonly, nor to intentionally expose her to danger.

■ No duty is imposed by the law upon an owner to keep his premises in safe condition for those who come upon their own pleasure.[3] The building code ordinance of the City of Miami does not change this rule.

The evidence in this case is not in conflict as to the status of the plaintiff. The

---

[1] The record shows that at the pretrial conference counsel for Plaintiff stipulated: "Counsel for plaintiffs stipulated that the stairway on which the accident involved in this case occurred led to no showroom or display room where merchandise was sold by the defendant; that it led to the roof of the building and on the wall beside the stairway there was a sign reading, 'Employees Only on recreation roof'."

[2] "A licensee is broadly defined as a person who enters upon the property of another for his own convenience, pleasure or benefit. In order to constitute the person so entering a licensee, his entrance upon the property of another must be pursuant to the license or implied permission of the owner. Such permission is frequently conferred by law in specific cases, as well as by acts of the owner of the property or of the person in charge of it.

"Mere licensees are about the least favored in law of men who are not actual wrongdoers. It has been stated that an owner or occupant owes one whom he permits to enter for the latter's convenience no duty except not to harm him wilfully or wantonly, or to set traps for him, or to expose him to danger recklessly or wantonly." 38 Am.Jur., Negligence, § 104.

[3] "No duty is imposed by law on an owner or occupant to keep his premises in a safe condition for those who come there solely for their own convenience or pleasure, and who are not either expressly invited to enter or induced to come thereon, although their entry is permitted by the owner or occupant. Active vigilance is not required on the part of the property owner to see that his premises are kept safe for the benefit of licensees. The owner of premises is not, for example, liable, to one who enters thereon as a bare licensee, for a danger that is concealed only by the darkness of night. Generally speaking, a mere licensee, on entering premises, assumes whatever risk of injury there may then be in the condition of the property, the same as if he were a trespasser, although, as hereinbefore stated, for some purposes a licensee has greater rights than a trespasser." 38 Am.Jur., Negligence § 105.

stipulation of counsel in the case, quoted in Footnote 1, supra, affirmatively shows that at the time of her injury she was at a place where customers were invited not to go, and there was no question of fact for the jury to settle in the case.

 Motion for directed verdict should have been granted. We do not deem it necessary to discuss the other assignments of error.

The judgment of the Court below is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.