67 So.2d 653 (1953)
STEWART
v.
TEXAS CO. et al.
Supreme Court of Florida. Division A.
October 23, 1953.
James H. Bunch, Jacksonville, for appellant.
Marks, Gray, Yates & Conroy and Francis P. Conroy, Jacksonville, for appellee Texas Company.
Fred Butler, Jacksonville, for appellee Harry P. Davis.
*654 SEBRING, Justice.
The plaintiff below has appealed from a summary judgment entered against her upon the following facts:
The defendants were the owners and operators of a service station where gasoline, oil and other petroleum products were sold to the general public. The station consisted of a main building with a covered concrete areaway extending from its entrance, where were located the gasoline pumps from which cars driven into the station were serviced. As the result of the constant parking of cars for servicing by patrons, grease had accumulated on the concrete floor of the areaway near the pumps.
On the afternoon of July 6, 1950, the surface of the areaway was slippery due to the fact that a recent shower had deposited water on the greasy surface. After the shower was over, the plaintiff left her home located close by and walked to the filling station for the purpose of getting the attendant to change a ten-dollar bill, so that she could pay off her domestic help. As she walked across the areaway toward the door of the main office she slipped and fell on the greasy surface and was injured.
The question is whether under this set of facts the plaintiff was entitled to recover damages for the injury, upon the theory that the defendants had failed to warn her of the slippery surface.
It is plain from the facts of the case that at the time of her fall the plaintiff was not a customer of the station but was upon the premises for her own personal convenience. At most she was a mere licensee to which the operator of the establishment owed no duty except not intentionally to expose her to danger. Sears, Roebuck & Co. v. McClain, 5 Cir., 167 F.2d 130.
As the rule is stated in 38 Am.Jur., Negligence, sec. 104 and sec. 105: "A licensee is broadly defined as a person who enters upon the property of another for his own convenience, pleasure, or benefit. * * * Mere licensees are about the least favored in law of men who are not actual wrongdoers. It has been stated that an owner or occupant owes one whom he permits to enter for the latter's convenience no duty except not to harm him wilfully or wantonly, or to set traps for him, or to expose him to danger recklessly or wantonly. * * *"
"No duty is imposed by law on an owner or occupant to keep his premises in a safe condition for those who come there solely for their own convenience or pleasure, and who are not either expressly invited to enter or induced to come thereon, although their entry is permitted by the owner or occupant. Active vigilance is not required on the part of the property owner to see that his premises are kept safe for the benefit of licensees. * * * Generally speaking, a mere licensee, on entering premises, assumes whatever risk of injury there may then be in the condition of the property, the same as if he were a trespasser. * * *" Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 7A, p. 624; see also Satin v. Hialeah Race Course, Fla., 65 So.2d 475; and compare Goldberg v. Straus, Fla., 45 So.2d 883.
The allegations of fact appearing in the complaint and the plaintiff's deposition in this cause, as hereinbefore summarized, are not in our opinion sufficient to support the plaintiff's conclusion that the conditions complained of constituted a "concealed and hidden peril," nor do they amount to a charge of wilful or wanton disregard for her safety, gross negligence, or other conduct which would render defendants liable to a licensee
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.