118 So.2d 636 (1960)
James P. COCHRAN, Appellant,
v.
F. Ray ABERCROMBIE, Appellee.
No. 1287.
District Court of Appeal of Florida. Second District.
February 10, 1960.
Rehearing Denied March 16, 1960.
W. Wallace Shafer of Bentley, Shafer, Miller & Sinder, Lakeland, and Gordon F. MacCalla, Winter Haven, for appellant.
M. Craig Massey of Carver, Langston & Massey, Lakeland, for appellee.
SHANNON, Judge.
This is an appeal from a final judgment dismissing the appellant-plaintiff's second amended complaint in an action sounding in tort. Plaintiff's second amended complaint alleges that plaintiff went to the defendant's residence for the purpose of *637 discussing a proposed fishing trip, and while there the defendant requested plaintiff to step over to the carport for the purpose of looking over the motor of defendant's automobile. The defendant raised the hood, and, while leaving plaintiff in front of the car observing the motor, which was not then running, the defendant opened the car door and engaged the starter of the car which was in forward gear. The car lurched forward toward the plaintiff, injuring him. The complaint alleged that the defendant's act of starting the motor under these circumstances was done negligently and without warning.
By his final order the trial judge took the position that under the allegations in the complaint the plaintiff was a licensee and that under the case law in Florida the standard of care owed to a licensee is to refrain from wilfully or wantonly causing him injury. As authority the court cited Goldberg v. Straus, Fla., 45 So.2d 883; Stewart v. Texas Co., Fla., 67 So.2d 653, and McNulty v. Hurley, Fla., 97 So.2d 185.
In his brief and on oral argument the plaintiff strongly urges us to reverse this case by distinguishing between active and passive negligence, and he also calls attention to the fact that Florida has not ruled upon this particular phase of the law.
Florida has, as have many other states, frequently set forth the duties owed by the occupier or possessor of property to another who comes on it. As to the duty of the possessor to each class, the case of McNulty v. Hurley, Fla. 1957, 97 So.2d 185, 187, states:
"The duty owed by the owner or occupant of premises to each class of persons is also distinct. The duty owed by the owner or occupant to the trespasser is to refrain from committing a wilful or wanton injury against him with the rule being softened after discovery by the landowner of peril to the trespasser. Byers v. Gunn, Fla. 1955, 81 So.2d 723.
"The duty owed a licensee is to refrain from wanton negligence or wilful misconduct which would injure him, or to refrain from intentionally exposing him to danger. City of Boca Raton v. Mattef, Fla. 1956, 91 So.2d 644. There may be a further duty to the licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee. Goldberg v. Straus, Fla. 1950, 45 So.2d 883; 65 C.J.S. Negligence § 35g; Prosser, Torts, Sec. 77, p. 450; Restatement, Torts, Sec. 342, Comment d.
"A greater duty is owed to an invitee than to either of the other class of persons above mentioned. The owner or occupant owes an invitee the duty of keeping the premises in a reasonably safe condition, and, as plaintiff contends, also to guard against subjecting such person to dangers of which the owner or occupant is cognizant or might reasonably have foreseen. First Federal Sav. & Loan Ass'n of Miami v. Wylie, Fla. 1950, 46 So.2d 396 and Messner v. Webb's City, Inc., Fla. 1952, 62 So.2d 66."
A "licensee" has been broadly defined as "a person who enters upon the property of another for his own convenience, pleasure, or benefit." Stewart v. Texas Co., Fla. 1953, 67 So.2d 653, 654. "An invitee is normally considered to be one who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises." City of Boca Raton v. Mattef, Fla. 1956, 91 So.2d 644, 647. That the plaintiff was a licensee on the facts stated has been determined by the trial court, and this, we think, is well supported by the cases collected in 25 A.L.R.2d 598, notwithstanding the fact that at the time of *638 his injury he was carrying out a request by the defendant. The courts of various jurisdictions have held that incidental motives of the visit of a social guest, other than purely social ones, will not be sufficient to characterize the visitor as an "invitee." These cases also indicate that minor services performed by the guest for the host during the visit will not be sufficient to change his status from licensee to invitee or business visitor.
Of the three cases cited by the trial court in the final judgment, all involved primarily the condition of the premises as opposed to a negligent act by the possessor. In Goldberg v. Straus, supra, the plaintiff was injured when she stepped in a hole in the possessor's yard. In her complaint she charged that the possessor should have known of the hole and that he was negligent in allowing it to remain open. Our Supreme Court, in holding that the complaint failed to state a cause of action, did so on the ground that the plaintiff was a licensee and should take the premises as she found them, subject to the exception that the host will be held liable for injuries "caused to his guest by a natural or artificial condition on the premises, where the host has actual knowledge of the condition and realizes that it involves an unreasonable risk to his guest and has reason to believe that the guest will not discover the condition or realize the risk, by the exercise of reasonable care." [45 So.2d 885.]
Stewart v. Texas Co., supra, involved a plaintiff who slipped on some accumulated grease which was wet from a recent rain. The plaintiff had entered the filling station property to obtain change for a $10 bill. The court held that she was at most a mere licensee "to which the operator of the establishment owed no duty except not intentionally to expose her to danger."
McNulty v. Hurley, supra, concerned injuries to a churchgoer who fell while descending the church steps because of being jossled by other churchgoers. In holding the churchgoer to be a licensee the court stated that the duty of the defendant in that case was to "refrain from wanton negligence or wilful misconduct which would injure him, or to refrain from intentionally exposing him to danger."
While no Florida cases have been found which distinguish between "active" and "passive" negligence, courts of other states do distinguish between the two. The Restatement of Torts, § 341 states:
"A possessor of land is subject to liability to licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by his failure to carry on his activities with reasonable care for their safety, unless the licensees know or from facts known to them, should know of the possessor's activities and of the risk involved therein."
Many jurisdictions follow the rule that the possessor is under a duty to both licensees and trespassers to abstain from "active" as opposed to "passive" negligence. Some of the cases clearly distinguish this rule from the "wilful and wanton injury" rule. Other cases combine the two rules without distinction. In support of the classification of active and passive negligence the plaintiff has called our attention to the annotation which appears in 156 A.L.R. at page 1228, where the annotator has cited cases decided by the U.S. Courts of Appeal and the Courts of California, District of Columbia, Nevada, Illinois, Minnesota, New York, North Carolina and Pennsylvania.
While no Florida cases have been cited in the briefs of either plaintiff or defendant where the facts are similar to those in the instant case, we feel that the case of Pensacola, St. Andrews & Gulf S.S. Co. v. Austin, 1912, 63 Fla. 241, 58 So. 611, 613, precludes our adopting the "active" and "passive" negligence theory which is urged by the plaintiff. In that *639 case the negligence of the defendant can be classified as "active", although the words "active" and "passive" were not used to distinguish the types of negligence. The negligence involved in the instant case would undoubtedly be held in the jurisdictions which have adopted the "active" and "passive" negligence theory to be "active" negligence. Following the reasoning in the Pensacola, St. Andrews & Gulf S.S. Co. v. Austin case, supra, then, we must decline to adopt from other jurisdictions the "active" and "passive" negligence theory.
In the Pensacola, St. Andrews & Gulf S.S. Co. v. Austin case, supra, plaintiff sought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant steamship company when she was struck by a barrel of rosin which fell through the open door of a box car while the car was being pushed forward in the usual manner. Plaintiff had gone to the freight dock of defendant, "a most unusual place for ladies or passengers, or the public generally to go," to pick up a package which plaintiff's mother had sent to her by one of defendant's employees  not in his official capacity, but merely as a friend. The lower court had refused to direct a verdict for the defendant, and the jury trial resulted in a verdict and judgment for the plaintiff. In reversing the judgment, our Supreme Court said:
"* * * We have given all the evidence a most careful reading, and fail to find any wantonness or willfulness, or even gross negligence, on the part of the defendant toward the plaintiff, who was there `as a trespasser, or at most a licensee,' as the trial court instructed the jury. This being true, we are of the opinion that the trial court erred in refusing to direct a verdict for the defendant. * * *."
It necessarily follows that in not adopting the "active" and "passive" theory we will have to affirm the judgment of the lower court.
Affirmed.
ALLEN, C.J., and WHITE, JACK F., Associate Judge, concur.