172 So.2d 902 (1965)
Edmund BRANT, Appellant,
v.
Rose MATLIN, Appellee.
No. 64-473.
District Court of Appeal of Florida. Third District.
March 16, 1965.
Rehearing Denied April 6, 1965.
*903 Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellant.
Frates, Fay & Floyd and Kermit G. Kindred, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and HENDRY, JJ.
HENDRY, Judge.
The defendant appeals from a final judgment entered by the Circuit Court of Dade County pursuant to a jury verdict in plaintiff's favor for Twenty Thousand Dollars.
Plaintiff is the defendant's aunt and resides in California. She was invited by the defendant to attend the Bar Mitzvah of the defendant's son. She arrived in Miami prior to the celebration, and during this time she occupied what was formerly the servant's quarters of the defendant's home located on Miami Beach. Approximately a week to ten days after her arrival, plaintiff was injured when she tripped over a pile of loose brick and fell in the patio area outside of the door to her sleeping quarters.
During the time preceding her injury, the plaintiff had been assisting the defendant's wife in caring for the defendant's children and in making preparations for the Bar Mitzvah. The injury occurred after the Bar Mitzvah had taken place, however, she had remained on the defendant's premises, at the request of the defendant and his wife, in order to take care of the house and act as a governess for their children while the defendant and his wife took a vacation.[1]
The result of this litigation depends upon a determination of whether the plaintiff was a licensee or a business invitee at the time of the injury. Where the factual basis for the determination of the status of plaintiff is in dispute, the question of whether the plaintiff is a licensee or invitee is for the jury.[2] But, in this case, the defendant specifically requested that the judge make this determination, so he may not complain on appeal that the judge should have submitted this question to the jury. The defendant, however, may request us to inquire into the correctness of the judge's determination that the plaintiff was an invitee rather than a licensee, as he claimed.
The Supreme Court approvingly adopted the language of the Texas Supreme Court for determining when a person is an invitee in McNulty v. Hurley, Fla. 1957, 97 So.2d 185, 188:
"In determining this question the general test is whether the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee."

By the application of the above test to the instant facts, it would seem to be a *904 rather simple matter to reach the inescapable conclusion that the plaintiff was an invitee because of the benefit which the property owner (defendant) would be receiving, (minding the children during defendant's absence) by virtue of the plaintiff being on the property. However, a more recent decision of the Second District has somewhat limited the McNulty rule. In Cochran v. Abercrombie, Fla.App. 1960, 118 So.2d 636, the plaintiff came upon the defendant's property for the purpose of discussing a future fishing trip. During their discussion, the defendant requested the plaintiff to look at the defendant's car and see if he (plaintiff) could advise the defendant as to a certain mechanical defect. While the plaintiff was engaged in inspecting the car, he was injured as a result of the defendant's negligence. The Court of Appeal held the plaintiff to be a licensee regardless of the beneficial services performed by the defendant:
"That the plaintiff was a licensee on the facts stated has been determined by the trial court, and this, we think, is well supported by the cases collected in 25 A.L.R.2d 598, notwithstanding the fact that at the time of his injury he was carrying out a request by the defendant. The courts of various jurisdictions have held that incidental motives of the visit of a social guest, other than purely social ones, will not be sufficient to characterize the visitor as an `invitee.' These cases also indicate that the minor services performed by the guest for the host during the visit will not be sufficient to change his status from licensee to invitee or business visitor." 118 So.2d at 637-638.
It is appellant's contention, of course, that the plaintiff's promise to mind the children while defendant took a vacation was a minor service performed incidental to the major social purpose, and accordingly did not change her status from licensee to invitee. We can not agree.
There does not appear to be any doubt that the status of a person upon the land can change. Courts, in considering this problem, indicate that the criteria of status is to be determined as of the time of the injury.[3] From this proposition, the conclusion is easily reached that a person's status is subject to change from one to another. We are then presented with the question of when and under what circumstances can a person's status change from one of a social guest performing services incidental to the visit to that of an invitee conferring a benefit upon the land or its owner.
A reasonable and logical distinction would appear to be when and under what circumstances a visitor upon the land would leave; in other words, have the services which the visitor is performing, extended his visit? If, as in Cochran v. Abercrombie, supra, the visit would not have been extended by virtue of the services performed, then it can rightfully be said that the services are truly incidental. But, if on the other hand, the person remains on the land, in order to perform the requested services and thereby extends the time to which the visitor is subject to harm, it can not be said that this is merely incidental to the visit. By use of this test, we properly scrutinize each situation by the question, "But for this service performed, would the plaintiff have left the premises and removed himself from the danger created by the defendant-land owner's negligence." If the answer is no, then the services performed can be considered incidental to the social visit, and the plaintiff would be properly classified as a licensee. On the other hand, if the answer is yes, then the services performed are not merely incidental to the social visit, and the plaintiff must be accorded the status of an invitee.
*905 In applying the above test to the facts of the present case, we reach the conclusion that the plaintiff was an invitee. She remained on the premises for the purpose of taking care of the defendant's children. But for her staying to take care of defendant's children, she would have returned to her home in California. This results in our agreeing with the trial judge's ruling that the plaintiff was an invitee and entitled to a jury instruction accordingly.
We have considered the other points raised by appellant and deem them to be without merit. The judgment appealed is affirmed.
Affirmed.
NOTES
[1] The facts are stated and considered in the light most favorable to supporting the verdict. Theriault v. Rogers, Fla. App. 1964, 166 So.2d 820.
[2] Arthur v. Standard Engineering Co., 193 F.2d 903 (D.C. Cir.1951).
[3] Sanders v. Brown, 73 Ariz. 116, 238 P.2d 941 (1951); Drews v. Mason, 29 Ill. App.2d 269, 172 N.E.2d 383 (Third Dist. 1961).