261 So.2d 146 (1972)
Marjorie Merriweather POST, Petitioner,
v.
Bernice LUNNEY and James Lunney, Respondents.
No. 41077.
Supreme Court of Florida.
April 5, 1972.
*147 John R. Beranek, and L. Martin Flanagan, of Jones, Paine & Foster, West Palm Beach, for petitioner.
John A. Gentry, III, of Moyle, Gentry & Jones, West Palm Beach, for respondents.
Robert Orseck, of Podhurst, Orseck & Parks, Miami, for Florida Trial Lawyers and The American Trial Lawyers Assn., amicus curiae.
ERVIN, Justice.
After filing its decision in Lunney v. Post, Fla.App. 1971, 248 So.2d 504, the District Court of Appeal, Fourth District, entered an order certifying the following question as one of great public interest:
"Under the facts and circumstances revealed in this opinion, did the plaintiff, Mrs. Lunney, occupy the status of an invitee under either (1) the invitation test stated in Second Restatement of Torts, § 332, and the case of Smith v. Montgomery Ward & Co., Fla.App. 1970, 232 So.2d 195, or (2) under the economic benefit test promulgated in McNulty v. Hurley, Fla. 1957, 97 So.2d 185?" (Lunney v. Post, supra, at 510.)
We have jurisdiction to review by certiorari the decision of the District Court. Art. V, § 4(2), Fla. Const., F.S.A., Rule 4.5(c)(6), F.A.R., 32 F.S.A.
The plaintiff-respondent in this case, Mrs. Bernice Lunney, was injured while on a Palm Beach Garden Club tour of Mrs. Marjorie Merriweather Post's home. She tripped on a piece of transparent vinyl which had been placed over a valuable oriental rug, and she fractured her hip. Mrs. Lunney and her husband sued Mrs. Post for damages. The jury found for Mrs. Post. The Fourth District Court of Appeal, however, in a 2-1 decision reversed and remanded for new trial. That court said, "The trial judge instructed the jury that plaintiff was a licensee and the jury found for defendant on that basis. We believe that instruction to be in error and therefore reverse." The District Court concluded Mrs. Lunney was an invitee rather than a licensee.
We agree with the District Court's conclusion.
Visitors upon the private property of others fall within one of three classifications: they are either trespassers, licensees, or invitees.[1] The classification is important because it determines the duty of care owed the visitor by the property owner or occupier. He must not wilfully and wantonly injure a trespasser; he must not wilfully and wantonly injure a licensee, or intentionally expose him to danger; and, where the visitor is an invitee, he must keep his property reasonably safe and protect the visitor from dangers of which he is, or should be aware.[2]
To determine the duty of care Mrs. Post owed Mrs. Lunney, therefore, it is necessary to ascertain Mrs. Lunney's classification. Florida courts have traditionally defined members of each category in the following manner: a trespasser is one "who enters the premises of another without license, invitation, or other right, and intrudes for some definite purpose of his own, or at his convenience, or merely as an idler with no apparent purpose, other than perhaps to satisfy his curiosity"[3]; a licensee is one "who enters upon the property of another for his own convenience, pleasure, or benefit"[4]; and an invitee is one *148 "who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises."[5]
Florida's invitee test is known as the "mutual benefit test" or the "economic benefit test."[6] In ascertaining whether a person is on another's property for business purposes sufficient to label him an invitee, the determinative question is:
"Whether the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee."[7]
Under this just quoted language, Mrs. Lunney was called a licensee by the trial judge. He reasoned that while Mrs. Lunney was on Mrs. Post's property with the owner's consent, she was there merely for her own pleasure; that Mrs. Post did not benefit from the visit; that although Mrs. Lunney paid five dollars for the privilege of taking the tour of homes, Mrs. Post received no compensation, and that Mrs. Post was not even reimbursed for the extra expense she incurred in preparing her home for the visit.
The Fourth District Court of Appeal rejected the above referred to mutual or economic benefit test in this case, however, calling it "too narrow." The Court said:
"Clearly plaintiff was invited as a member of the public not as a social guest, and clearly she paid for this invitation. If this case involved a theater, a ball park with an admission fee, plaintiff would be a business invitee. Yet because of the setup of the tour, and the peculiar relationship of the parties, facts beyond plaintiff's control and knowledge, she cannot recover. In fact, plaintiff, not knowing where her money went, had every right to assume she was an invitee of Mrs. Post. She was positive she was not a social guest."
The District Court applied the "invitation test" found in the Second Restatement of Torts, § 332:
"(1) An invitee is either a public invitee or a business visitor.
"(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. (Emphasis supplied.)
"(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."
Under this rule, it is clear Mrs. Lunney was an invitee; she was invited to enter Mrs. Post's estate which had been opened to those members of the public who were on the Palm Beach Garden Club tour of homes.
We agree with the Fourth District Court of Appeal that the Second Restatement of Torts invitation test, which includes the public invitee as well as the business invitee, is preferable to the exclusive use of the mutual benefit test as enunciated and applied in McNulty v. Hurley,[8] a case from which we expressly recede insofar *149 as it conflicts with this opinion. In adopting the invitation test, we adopt the older of the two rules,[9] and the one preferred by legal scholars[10] and a majority of the jurisdictions in this country.[11] And we feel we are adopting the more realistic of the two views. The licensee status of the social guest in the home remains unchanged as does the status of the trespasser and the respective standards of care applicable to each.
Results under a strict application of the mutual benefit test can be unjust. For example, it would prohibit recovery for damages due to ordinary negligence to a "window-shopping" visitor to a store, while permitting recovery to a person who made a purchase, however small. To avoid these and similar results, "the economic benefit theory has been strained to the breaking point... . [C]ourts have determined to be invitees a friend or child accompanying a customer into his store, Hecht Co. v. Jacobsen, 1950, 86 U.S.App.D.C. 81, 180 F.2d 13; or a person who goes with another to a railroad station to see him off, Atchison, T. & S.F. Ry. Co. v. Cogswell, 1909, 23 Okla. 181, 99 P. 923, 20 L.R.A.,N.S., 837. Or the person who goes to a bank to change a five-dollar bill, American Nat. Bank v. Wolfe, 1938, 22 Tenn. App. 642, 125 S.W.2d 193."[12]
Since we have determined Mrs. Lunney was an invitee, we now must examine the jury charge to determine whether the jury was properly instructed as to the degree of care Mrs. Post owed Mrs. Lunney. As we stated earlier in this opinion, a property owner owes the greatest duty of care to invitees.
The trial judge in this case charged the jury as follows:
"The Court has determined and now instructs you as a matter of law that the plaintiff Bernice Lunney was a licensee on the premises of the defendant Marjorie Merriweather Post.
* * * * * *
"The issues for your determination on the claim of Bernice Lunney and James Lunney against Marjorie Post are whether the defendant Majorie Post negligently failed to warn the plaintiff Bernice Lunney of a dangerous condition and risk which was known to the defendant Marjorie Post and of which the plaintiff Bernice Lunney neither knew or [sic] should have known by the use of reasonable care and if so, whether such negligence was a legal cause of loss, injury or damage sustained by the plaintiffs, Bernice Lunney and James Lunney.
* * * * * *
"Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something *150 that a reasonably careful person would do under like circumstances."
Mrs. Post contends although the trial judge called Mrs. Lunney a "licensee," the instruction was in fact the proper one for invitees since the judge did not mention wilful and wanton negligence. Florida Standard Jury Instruction 3.5 sets forth the proper charges as follows:
"The issues for your determination on the claim of (claimant) against (defendant) are:
* * * * * *
"f. Land owner or possessor's negligence (toward invitee): whether (defendant) negligently failed to maintain his premises in a reasonably safe condition or failed to correct or warn (claimant) of a dangerous condition of which (defendant) either knew or should have known, by the use of reasonable care, and of which (claimant) neither knew nor should have known, by the use of reasonable care... .
* * * * * *
"q. Land owner or possessor's negligence (toward discovered trespasser or foreseeable licensee): whether (defendant) negligently failed to warn (claimant) of a dangerous condition and risk which were known to (defendant) and of which (claimant) neither knew nor should have known, by the use of reasonable care... ."
The charge given by the trial judge in this case was the proper one to use where the jury is to determine the liability of a land owner or possessor toward a licensee. It was insufficient where, as in this case, the claimant was an invitee. A new trial is necessary.
Part (1) of the certified question is answered in the affirmative. We recede from the McNulty economic or mutual benefit test mentioned in Part (2). The decision of the District Court of Appeal, Fourth District, is approved and the writ is discharged.
It is so ordered.
CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.
ROBERTS, C.J., dissents with Opinion.
ROBERTS, Chief Justice (dissenting):
I respectfully dissent.
Plaintiff, respondent herein, tripped on a piece of vinyl placed over a valuable oriental rug to protect the same in the home of defendant, petitioner herein. Plaintiff was a member of a garden club which had been allowed by defendant to tour her home as part of a tour of famous estates in Palm Beach. The jury found that defendant should not be held liable for the damages to plaintiff. The trial judge entered its order to this effect. I agree with this result. The District Court of Appeal reversed, which in my opinion was error.
I would quash the decision of the District Court of Appeal and reinstate the jury verdict.
NOTES
[1] St. Petersburg Coca-Cola Bottling Co. v. Cuccinello, Fla. 1950, 44 So.2d 670.
[2] McNulty v. Hurley, Fla. 1957, 97 So.2d 185.
[3] 23 Fla.Jur.Negligence § 54 (1959).
[4] Stewart v. Texas Co., Fla. 1953, 67 So.2d 653, 654. In addition, licensees enter the premises with the owner's permission, distinguishing them from mere trespassers. 2 F. Harper & F. James, The Law of Torts 1471 (1956).
[5] City of Boca Raton v. Mattef, Fla. 1956, 91 So.2d 644, 648.
[6] In both the case sub judice and the earlier case of Smith v. Montgomery Ward & Co., Fla.App. 1970, 232 So.2d 195, however, the District Court of Appeal, 4th District, rejected this test.
[7] McNulty v. Hurley, Fla. 1957, 97 So.2d 185, 188, quoting from Cowart v. Meeks, 1938, 131 Tex. 36, 111 S.W.2d 1105, 1107.
[8] Fla. 1957, 97 So.2d 185.
[9] According to William L. Prosser, the determinative factors in the earliest cases defining invitees, beginning with Parnaby v. Lancaster Canal Co., 1839, 11 Ad. & El. 223, were (1) whether the property was open to the public, and (2) whether the owner invited the public to enter upon it. The requirement that the owner must benefit from the visitor's presence "seems to have originated in the mind of the writer of a forgotten treatise on the law of negligence, Robert Campbell [footnote omitted], whose first edition appeared in 1871." 26 Minn.L.Rev. 573, 583 (1942).
[10] Annot., 95 A.L.R.2d 992 (1964).
[11] W. Prosser, Law of Torts § 61 (3d ed. 1964).
[12] Smith v. Montgomery Ward & Co., Fla.App. 1970, 232 So.2d 195, 198-199. See similar lists of courts' deviations from strict applications of the rule in Annot., 95 A.L.R.2d, supra, note 10, at 1009, et seq.; 2 F. Harper & F. James, The Law of Torts, supra, note 4 at 1481, et seq., and W. Prosser, Law of Torts, supra, note 11 at 396, et seq.