PER CURIAM.
The appellants were the plaintiffs in the trial court. They brought a complaint against the appellees claiming damages for personal injury caused by the appellee Koss as the operator of an automobile. It appears that the injury occurred on real property belonging to the active tortfeasor Koss. The trial court entered summary final judgment making certain conclusions of law as follows:
“Upon hearing after notice and the Court being fully advised in the premises, and having reviewed the authority cited by both parties and the pleadings and depositions herein, is of the opinion that the plaintiff SOLOMON B. MAR-GOLIS was a social guest of the defendant ALICE M. KOSS and his status was that of a licensee. Accordingly, the defendant’s duty toward the plaintiff was to refrain from willfully or wantonly causing him injury.”
We reverse upon a holding that the rule relied upon by the court that a social guest is a licensee and that the host is liable only for intentionally inflicted wrong is not applicable to the injury of the type alleged in appellant’s complaint which is the result of active negligence by the operation of an automobile. See Post v. Lunney, Fla.1972, 261 So.2d 146.
Reversed and remanded.