341 So.2d 265 (1977)
Zelma HEATH and Lawrence Heath, Her Husband, Appellants,
v.
FIRST BAPTIST CHURCH, a Nonprofit Florida Corporation, and Home Insurance Company, a New York Corporation, Appellees.
No. 76-28.
District Court of Appeal of Florida, Second District.
January 5, 1977.
*266 Gardner Sharpe, Jr. of Billings, Frederick, Wooten & Honeywell, Orlando, for appellants.
Sidney Parrish and Joe B. Weeks of Troutman, Parrish & Weeks, Winter Park, for appellees.
HOBSON, Acting Chief Judge.
This is an appeal from a summary judgment entered in favor of the First Baptist Church and its insurance carrier, Home Insurance Corporation.
Appellants Heath filed their complaint against appellees for damages as a result of injuries sustained by Mrs. Heath in a fall at the church. It was adduced during the pendency of this action that Mrs. Heath fell when she tripped over the interior portion of the floor of the church which separated the church from the "Parrish Hall." The difference in the floor levels between the hall and the church was some 2 7/8" in height. This difference in height was attributed to the recent construction of the Parrish Hall six months prior to the accident herein.
In her deposition Mrs. Heath stated that she attended church fairly regularly. She also admitted that she knew the step was there, had stumbled on it three or four times before the accident, and had seen others stumble over it. However, appellants asserted that the coloring of the two different floor levels was similar and the lighting conditions present made it difficult for users to ascertain the difference between the two floor levels.
Thereafter the appellees moved for summary judgment and the appellants filed an affidavit of a safety engineering consultant in opposition. Upon hearing on the motion the court entered an order for the appellees finding that Mrs. Heath's knowledge of the condition was at least equal to that of the appellee church and that no duty existed on the part of the church to protect her or warn her of said condition. The court bottomed its decision on the law as applied in McNulty v. Hurley, 97 So.2d 185 (Fla. 1957). We think the decision reached by the lower court was error and we reverse.
Although this case involves an ordinary slip and fall negligence action, several questions remain as to whether the appellees here should have been given an opportunity for a full trial. At the outset we would note that while McNulty, supra, has not been expressly overruled, the ratio decidendi of that case has been altered in the subsequent decisions of Post v. Lunney, 261 So.2d 146 (Fla. 1972) and Wood v. Camp, 284 So.2d 691 (Fla. 1973). Both Post and Wood have effectively laid to rest the "mutual benefit" test in assessing whether a person on the land of another is an invitee or something less. The effect of those cases has been the express adoption in Florida of the "invitation test" as stated in 2d Restatement of Torts, § 332.[1] This latter standard provides a more flexible method whereby the focal point is not conveyance of an actual benefit but instead emphasis is directed to the purpose of the person occupying the owner's land.
The lower court's reliance on McNulty, supra, although not clear from a reading of the order, seems to focus on the lack of benefit conferred by Mrs. Heath and her corresponding status as a licensee. Such a construction was not proper. Post, supra, Wood, supra.
Further questions also arise in the context of the duty owed, if any, by the *267 appellees and whether Mrs. Heath's prior knowledge of the condition served to bar her from pursuing this action. In effect, appellees' argument is twofold. First, they contend that their duty to an invitee was only to warn of a dangerous condition, and since appellant knew of the danger, that duty was satisfied. Second, they argue that by her own knowledge, and seeming lack of attentiveness, Mrs. Heath assumed the risk of the condition, obviating the defendant church's duty to warn and thereby eliminating any question of negligence. We have recently held that assumption of risk in certain instances[2] merges with comparative negligence and in those instances where reasonable men can differ, the fact finder is entitled to consider all facts and circumstances in order to determine the extent to which the plaintiff may be at fault. Hall v. Holton, 330 So.2d 81 (Fla.2d DCA 1976).
Aside from the question of assumption of risk, there remains the question of whether an occupier of land can ever owe a duty greater than the mere duty to warn of defects unknown to the plaintiff. If there is no such duty, then assumption of risk becomes irrelevant.
The general duty of a landowner to an invitee has been described by this court as:
"the duty to use ordinary care in keeping the premises in a reasonably safe condition, and to give timely notice of latent or concealed perils which are known or should be known to the owner, but which are not known to the plaintiff." (emphasis supplied)
Waterman v. Graham, 228 So.2d 925 (Fla. 2d DCA 1969); see also Standard Jury Instruction 3.5(f). We think this statement of the rule suggests that in some circumstances the duty may extend beyond mere warning.[3]
*268 To summarize, like Holton, supra, this case presents the question of whether Mrs. Heath's knowledge of the condition could be characterized as assumption of risk which merges with comparative negligence. Moreover, this case presents the question of whether the duty owed in this case was satisfied when the plaintiff became aware of the defect. Resolution of these issues ultimately depends upon Mrs. Heath's status as an occupier of the appellee church's property and the duty owed to her thereby. Since these genuine issues of material fact remain, the summary judgment entered below was improper. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
REVERSED and REMANDED.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] The Restatement states,

"(1) An invitee is either a public invitee or a business visitor.
(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealing with the possessor of land."
[2] In Hall v. Holton, 330 So.2d 81 (Fla.2d DCA 1976), this court recognized two distinct types of assumption of risk. We stated as to the meaning of the term,

"In one sense (sometimes called its `primary' sense), it is an alternate expression for the proposition that defendant was not negligent, i.e., either owed no duty or did not breach the duty owed. In its other sense (sometimes called `secondary'), assumption of risk is an affirmative defense to any established breach of duty. In its primary sense, it is accurate to say plaintiff assumed the risk whether or not he was `at fault,' for the truth thereby expressed in alternate terminology is that defendant was not negligent. But in its secondary sense, i.e., as an affirmative defense to an established breach of defendant's duty it is incorrect to say plaintiff assumed the risk whether or not he was at fault." Hall, supra, 330 So.2d at 84, quoting Meistrich v. Casino Area Attractions, 31 N.J. 44, 155 A.2d 90 (1959).
[3] In discussing this issue, Prosser writes:

"Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself. It is for this reason that it is so frequently held that reasonable care requires nothing more than a warning of the danger. But this is certainly not a fixed rule, and all of the circumstances must be taken into account. In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or that after lapse of time he may forget the existence of the condition, even though he has discovered it or been warned; or where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it. It is true also where the condition is one such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, and because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it. In all such cases the jury may be permitted to find that obviousness, warning or even knowledge is not enough."
W. Prosser; Law of Torts 394-95 (4th Ed. 1971).
Likewise, in 2d Restatement of Torts, § 343A, it is said:
"Known or obvious dangers
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated."
Other comments on this problem may be found at the annotation at 35 A.L.R.3d 230 (1971), and 62 Am.Jur.2d, Premises Liability, §§ 72-73.