PER CURIAM.
This is an appeal by the plaintiffs from an adverse summary judgment.
The complaint charged Ocean Ship Supply, Inc. with negligently creating a dangerous condition which caused the minor plaintiff, Lorena Pinal (an invitee), to slip and fall into a fan whereby she suffered injury. The defendants generally denied the allegations in the complaint and raised the affirmative defenses of contributory negligence on the part of Lorena Pinal and her guardian. Discovery demonstrated that the manner in which the accident differed from the allegations in the complaint was that specifically the minor plaintiff was not an “invitee”, as alleged, nor did she slip or trip and fall into the fan.
Ocean Ship Supply, Inc. operates a warehouse in North Miami. Two days a week the minor plaintiff’s grandmother, Maria Calderon, cleaned the offices, storage room and bathrooms at the warehouse. The fan involved in the accident rested on the floor of the warehouse. On the day the accident *1008 occurred, the minor plaintiff was ill and did not go to school. Because the child’s mother worked, the child remained with the grandmother and accompanied her when she went to the warehouse. Prior to the accident, the child and her grandmother passed by the fan without incident on several occasions as they traveled to the bathroom to rinse out mops. On the final occasion, the child turned to look back at her grandmother and walked into the fan, injuring her hand.
The minor child was a licensee, which is one who has entered onto the property of another for his own convenience, pleasure, or benefit with the owner’s permission. Post v. Lunney, 261 So.2d 146 (Fla.1972). The duty of the landowner is to warn of known dangers which the licensee is unlikely to discover and to refrain from wanton negligence or willful misconduct.
The minor plaintiff had no difficulty avoiding the fan on several prior occasions before the accident occurred. The accident did not occur because of a “condition on the premises”; it happened simply because the minor plaintiff looked behind her to see what her grandmother was doing, and walked into the fan.
We find no duty breached by the defendant, Ocean Ship Supply, Inc., which would constitute negligence. We have examined the other point urged for reversal, and find it to be without merit. Crovella v. Cochrane, 102 So.2d 307 (Fla. 1st DCA 1958).
Affirmed.