[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-10774

_____

SONIA HRUSKA,

Plaintiff-Appellant,

*versus*

ON THE EDGE DOCKSIDE LLC,
d/b/a On The Edge Bar and Grill,
WALTER WILFINGER,
JONATHAN W. WILFINGER,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:19-cv-14095-RLR

———————————

Before NEWSOM, MARCUS, Circuit Judges, and LAWSON,* District Judge.

NEWSOM, Circuit Judge:

Sonia Hruska claims to have been bitten by a spider while she was eating dinner at a restaurant in Florida.  Hruska, proceeding pro se, sued the restaurant—a limited liability company—and its two individual managing members, seeking more than $20 million in damages.  The district court first dismissed her claims against the members because the restaurant's corporate structure shielded them from individual liability.  Then, the court granted the restaurant's motion for summary judgment because Hruska had "no evidence" to show causation or negligence.  Hruska appeals that dismissal and summary judgment.  She also appeals a separate order—issued by a magistrate judge—that compelled her to attend a deposition, submit to a medical evaluation, and bear her travel costs.

---

* Honorable Hugh Lawson, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

We first dismiss Hruska's challenge to the magistrate judge's discovery order for want of jurisdiction. Then, we affirm the district court's dismissal and grant of summary judgment.

I

We begin with the fundamental question whether we have jurisdiction to review the magistrate judge's orders. The magistrate judge granted defendants' motion to compel Hruska to attend her deposition, submit to a medical evaluation, and to pay for her travel expenses. Hruska never appealed that order to the district court, nor does any order of the district court regarding this matter appear in the record. Instead, Hruska challenges the propriety of the magistrate judge's order for the first time in this Court.

A district court may designate a magistrate judge to "hear and determine any pretrial matter"—including discovery orders—"pending before the court." 28 U.S.C. § 636(b)(1)(A). A litigant may seek further review of a magistrate judge's ruling, but any such "[a]ppeals . . . *must* be to the district court." *United States v. Brown*, 299 F.3d 1252, 1260 (11th Cir. 2002) (emphasis added) (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)), *vacated*, 538 U.S. 1010 (2003), *opinion reinstated on remand*, 342 F.3d 1245, 1246 (11th Cir. 2003).

Hruska's challenge to the magistrate judge's order for the first time before this Court "amount[s] to an appeal directly from the magistrate judge's ruling." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (per curiam). And "[t]he law is settled

4                    Opinion of the Court                    20-10774

that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *Id.* (quoting *Renfro*, 620 F.2d at 500). Accordingly, we lack jurisdiction to review for the first time in this Court the magistrate judge's ruling and, accordingly, dismiss that portion of Hruska's appeal.[1]

---

[1] Somewhat confusingly, we've elsewhere held that a party *waives* any challenges to a magistrate judge's rulings when he or she doesn't first appeal that ruling to the district court. *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1286 (11th Cir. 2003) (citing *Farrow v. West*, 320 F.3d 1235, 1249 n.21 (11th Cir. 2003)). And waiver isn't jurisdictional. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). But, to the extent that those decisions conflict with the former Fifth Circuit's jurisdictional holding in *Renfro*, *Renfro* controls as the earlier-decided case. *See Loc. Union 48 v. S.L. Pappas & Co.*, 106 F.3d 970, 975 (11th Cir. 1997) ("[W]here there is a conflict between panel decisions within this circuit, the earlier decision is binding until the court decides the issue en banc."); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business as of September 30, 1981).

     To be sure, *Renfro* was a criminal case and, thus, conceivably distinguishable from *Farrow* and its progeny, all of which were civil. But *Renfro*, although not explicit in its reasoning, appears to rest on finality grounds—*i.e.*, that a magistrate judge's ruling does not constitute a "final decision" for the purposes of jurisdiction under 28 U.S.C. § 1291. *See Renfro*, 620 F.2d at 500 (citing *United States v. Haley*, 541 F.2d 678, 678 (8th Cir. 1974), which held that it lacked jurisdiction over a direct appeal from a magistrate judge's ruling because it wasn't a "final decision"). Thus, the criminal-civil distinction isn't relevant—the finality requirement applies with equal force in both civil and criminal cases. *See United States v. MacDonald*, 435 U.S. 850, 853 (1978) ("28 U.S.C. § 1291 . . . grants the federal courts of appeals jurisdiction to review all

## II

We turn now to the portions of Hruska's appeal over which we do have jurisdiction.  First, the district court's order dismissing her claims against Walter and Jonathan Wilfinger—the restaurant's individual managing members.[2]  The restaurant is organized as a limited liability company, and in Florida "[a] member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager."  Fla. Stat. § 605.0304(1); *accord Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., Inc.*, 974 So. 2d 1176, 1180 (Fla. Dist. Ct. App. 2008).

To be sure, "officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *Vesta Constr.*, 974 So. 2d at 1180.  But Hruska has not alleged that either member "personally participated" in the alleged negligent conduct.  *Id.*  Instead, she alleged only that they failed "to achieve active managerial control."  Pl.'s 2d Am. Compl. at 2.  Nor did she allege facts sufficient to pierce the corporate veil.  *See, e.g.*, *Molins*

---

final decisions of the district courts, both civil and criminal." (quotation marks omitted)).  Accordingly, we remain bound by *Renfro*.

[2] "We review *de novo* the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam).

*Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (listing the elements that a plaintiff must prove under Florida law to pierce the corporate veil). Thus, dismissal was appropriate as to the individual managers.

### III

Finally, we turn to the district court's grant of summary judgment as to Hruska's claim against the restaurant. The district court held that summary judgment was appropriate because Hruska had produced "no evidence that Defendant violated its duty of care." We agree.[3]

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-movant." *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005) (per curiam).

To prevail on her tort claim, Hruska must prove duty, breach, causation, and damages. *Barnett v. Dep't of Fin. Servs.*, 303 So. 3d 508, 513 (Fla. 2020). For argument's sake, we'll assume that Hruska has created a genuine dispute as to causation and

---

[3] "We review *de novo* the district court's grant of a motion for summary judgment, considering all the evidence and the inferences it may yield in the light most favorable to the nonmoving party." *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005) (per curiam).

20-10774                 Opinion of the Court                 7

damages. Even if that's true, she hasn't done so with respect to whether the restaurant breached its duty of care.

In Florida, "[a] landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining its premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils that are or should be known to the landowner and that are unknown to the invitee and cannot be discovered through the exercise of due care." *St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039, 1040 (Fla. Dist. Ct. App. 2004); *see also Post v. Lunney*, 261 So. 2d 146, 147 (Fla. 1972) ("[W]here the visitor is an invitee, [the property owner] must keep his property reasonably safe and protect the visitor from dangers of which he is[] or should be aware."). Hruska has not alleged that the restaurant or its employees knew of any spiders on the premises, so our focus is on whether the restaurant exercised reasonable care in maintaining its premises in a reasonably safe condition.

Of course, "there are no feasible means to prevent . . . spiders from gaining entry" to a restaurant's outdoor dining area. *Cowart*, 891 So. 2d at 1041. Thus, "any breach of the [restaurant's] duty . . . would be based on its failure to eradicate spiders" in that space. *Id.*

There is "no evidence to suggest" that any spider that might have bitten Hruska "entered and remained in the [dining area] as a result of the [restaurant's] negligence." *Id.* at 1042. To the contrary, the restaurant provided uncontroverted evidence (1) that, at least since 2010, it had a pest-control service routinely spray the

property, (2) that its staff members either possessed a valid training certificate from another restaurant or were trained directly by the restaurant's managers, and they were re-trained when those certificates expired every three years, (3) that the restaurant was cleaned on a daily basis, and (4) that the restaurant had never received notice of the presence of spiders on the premises prior to Hruska's allegation. *See Cowart*, 891 So. 2d at 1041–42 (reversing the judgment and granting directed verdict to defendant where the plaintiff was bitten by a black widow spider in his hospital gown, but the hospital had not breached its duty of care because (1) "spiders cannot be stopped from entering buildings," (2) the hospital had "contracted with a pest control company to provide preventive maintenance," (3) the pest control company had "never seen a spider infestation . . . at the hospital, and had never seen a black widow spider there," and (4) "[t]here was no evidence that the pest control company was not performing its services satisfactorily").

The restaurant "simply did not breach its duty to maintain its premises in a reasonably safe condition." *Id.* at 1042. No reasonable jury could conclude otherwise.

**AFFIRMED.**